FLETCHER, Judge.
Beam Radio, Inc. [Beam] seeks to reverse a final summary judgment. We affirm.
Beam manufactures communications parts; Miami International Forwarders [MIF] is a freight forwarding company; and Cielos de Peru, S.A. [Cielos] is a Peruvian cargo airline. Beam hired MIF to ship communications equipment to one of Beam’s customers in Peru. MIF picked up the goods, arranged with Cielos to transport the goods by air to Lima and issued its house air way bill. Cielos shipped the goods via a related airline, Export Air de Peru. When Beam’s goods arrived in Lima, Peruvian customs immediately seized them because Cielos violated Peruvian law by failing to disclose and declare the goods on the flight manifest.
*813 Beam sued MIF and Cielos for the value of the seized goods, ($44,000 ±). MIF and Cielos moved for a summary judgment limiting their liability pursuant to the Convention at Warsaw October 29, 1934 [Convention]. The trial court held that the United States and Peru were not mutual high contracting parties to the Convention and thus the Convention was not binding between these parties. However, the trial court found that the parties were bound by the recovery limitations of the air way bill for “lost” goods. The trial court held that as a matter of law the seizure of goods by a government agency rendered them “lost.” The judgment limited Beam’s recovery to $11,830.00 pursuant to the limitations of liability provision of the air, way bill.
Beam contends that the trial court erred when it interpreted the (undefined) air way bill term “lost” to include the seizure of goods by customs officials. Beam argues that in order for something to be “lost” its whereabouts must be unknown, and as the goods are known to be in the possession of Peruvian customs, they are not lost. Beam takes too narrow a view of “lost.”[1] When the Customs agents seized the goods, the goods were lost to the parties. The trial court correctly applied the air way bill’s limitation of liability provision.[2]
Affirmed.

. As “lost" is not defined in the air bill, the dictionary definition applies. Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987); See The American Heritage Dictionary of the English Language (1979)(Lose: to be deprived of; to be unable to maintain or keep [e.g., If you “lose” your keys, the keys are “lost” to you and you have suffered a "loss”]; Lost: no longer possessed [e.g., I lost my shirt on the stock market, that is, I suffered a. loss of my money]).

. We need not address the issue of whether the Warsaw Convention applies, as the limitation of liability in the air way bill is the same as that provided in the Convention.